**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **ASHLEY DOMINIQUE HICKMAN,** | |
| **Plaintiff,** | **Case No. 20 C 6987** |
| **v.** | **Judge Harry D. Leinenweber** |
| **TARGET CORPORATION,** | |
| **Defendant.** | |

## MEMORANDUM OPINION AND ORDER

Defendant Target Corporation's Partial Motion to Dismiss (Dkt. No. 20) is granted. Plaintiff Ashley Hickman's color discrimination claim is dismissed with prejudice. Hickman's retaliation claim is dismissed without prejudice. Hickman may file a Second Amended Complaint on or before January 10, 2022. Failure to file a Second Amended Complaint will result in dismissal of the retaliation claim with prejudice.

### I.  BACKGROUND

#### A.  Procedural History

This case arises out of *pro se* Plaintiff Ashley Hickman's three-count employment discrimination Complaint against her former employer, Defendant Target Corporation. Before reciting the facts, the Court first addresses the procedural history of this action and the operative pleading at-issue in this Motion.

Hickman filed her initial Complaint on November 18, 2020. (Compl., Dkt. No. 1.) The Complaint attached a "Statement of Claims" which was a 9-page narrative consisting of unnumbered paragraphs. (*Id.* at 7–15.) On June 4, 2021, Target filed a Motion for a More Definite Statement, arguing that as-written Hickman's allegations are "styled in such a manner that it is impossible for [Target] to properly respond." (Def. Stmt. Mem. at 3, Dkt. No. 15.) On July 27, 2021, the Court granted Target's Motion for a More Definite Statement and ordered Hickman to "file an amended complaint fully detailing the facts about her claim that [Target] discriminated against her . . .. These facts must be in short, individually numbered paragraphs. Failure to do so may result in a dismissal with prejudice." (Dkt. No. 16.)

Hickman filed her Amended Complaint on September 10, 2021. (Dkt. No. 17.) On that same day Hickman filed a document titled "Plaintiff's Response to More Definite Statement" (the "Definite Statement") which included factual allegations in individually numbered paragraphs, as required in the July Order. (Dkt. No. 18.) Paragraph 13 of the *pro se* Complaint of Employment Discrimination requires Hickman to identify the facts supporting her claim of discrimination. (Am. Compl. ¶ 13, Dkt. No. 17.) Hickman's response to Paragraph 13 in the Amended Complaint is that she "provided a list of short, detailed facts" which the Court understands to be

referring to the simultaneously filed Definite Statement. (*Id.*) Because the Amended Complaint explicitly references the Definite Statement, the Court will consider the facts therein when evaluating Target's Motion to Dismiss. *Williamson v. Curran,* 714 F.3d 432, 436 (7th Cir. 2013) (holding that "on a motion to dismiss . . . a court may consider, in addition to the allegations set forth in the complaint itself . . . documents that are central to the complaint and are referred to in it").

Paragraph 12 of Hickman's Amended Complaint also references the Definite Statement, as well as the Statement of Claims filed with the original Complaint. (Am. Compl. ¶ 12.) The Court's July 27, 2021 Order made clear that Hickman's Amended Complaint needed to set forth all allegations in support of her claim, not merely facts which would supplement the Statement of Claims. The Order's further explanation that a failure to set out each fact in an individually numbered paragraph could result in dismissal with prejudice makes clear that the newly pled facts are the only facts on which the Court will rely when reviewing the Amended Complaint. For these reasons, while the Amended Complaint references the Statement of Claims the Court will not consider any of the allegations or facts contained therein on this Motion to Dismiss.

The Amended Complaint also failed to attach Hickman's Charge filed with the United States Equal Employment Opportunity

- 3 -

Commission ("EEOC") and the later issued EEOC Right to Sue Letter. Target attached these documents to its Motion to Dismiss. (EEOC Paperwork, Mem., Ex. A, Dkt. No. 21-1.) The Amended Complaint explicitly references Hickman's EEOC Charge of Discrimination and Right to Sue Letter. (Am. Compl. ¶¶ 7.1, 8.) Indeed, the allegations in the Charge of Discrimination and issuance of the Right to Sue Letter are "central to the [Amended Complaint]." *Williamson,* 714 F.3d at 436. The Court will therefore consider the contents of Target's Exhibit A when considering the Motion to Dismiss.

For the foregoing reasons, the facts set forth below are drawn from the following documents: (1) the Amended Complaint; (2) the Definite Statement; and (3) Exhibit A to Target's Memorandum in support of its Motion to Dismiss.

## B.  Factual History

Hickman is a former Target employee who worked at the retailer's location on North Elston Avenue in Chicago, Illinois. (Am. Compl. ¶¶ 4-5.) Hickman worked for Target from approximately November 16, 2016 until her resignation on January 29, 2020. (EEOC Paperwork at 1.) Following her resignation, Hickman filed a charge of discrimination with the EEOC alleging that during her employment she was "subjected to harassment, including but not limited to, being denied transfers and my preferred schedule, and having my

hours reduced." (*Id.*) Hickman further alleged that she believed she was discriminated against "because of my race, Black, and in retaliation, in violation of Title VII of the Civil Rights Act of 1964, as amended." (*Id.*) The EEOC issued Hickman a Right to Sue Letter on August 27, 2020. (*Id.* at 6.)

Before this Court, Hickman alleges that Target treated Black employees less favorably than their white peers. (Response to More Definite Stmt. ¶ 1.2, Dkt. No. 18.) Specifically, she alleges that Black employees were micromanaged, held to more rigorous standards, and were denied opportunities to "pick-up shifts in different departments for additional money and experience." (*Id.* ¶¶ 1.3–1.4.) On these facts, Hickman brings Title VII claims for race and color discrimination, as well as retaliation.

## II.  **LEGAL STANDARD**

A Rule 12(b)(6) motion challenges the legal sufficiency of the complaint. To survive a Rule 12(b)(6) motion, the complaint's allegations must meet a standard of "plausibility." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 564 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). "[T]he plausibility determination is a context-specific task that requires the reviewing court to draw on its judicial

experience and common sense." *W. Bend Mut. Ins. Co. v. Schumacher,* 844 F.3d 670, 676 (7th Cir. 2016) (quotation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678. At the motion to dismiss stage, the Court "accept[s] all well-pleaded facts in the complaint as true and then ask whether those facts state a plausible claim for relief." *Firestone Fin. Corp. v. Meyer,* 796 F.3d 822, 826 (7th Cir. 2015). All reasonable inferences are construed in favor of the Plaintiff. *Id.*

## III.  DISCUSSION

Target moves to dismiss only the Title VII color discrimination and retaliation claims. For the reasons set forth below, Target's Motion to Dismiss is granted and Hickman's color discrimination and retaliation claims are dismissed.

### A.  Color Discrimination Claim

Hickman alleges that she experienced discrimination on the basis of her color in violation of Title VII of the Civil Rights Act. Hickman did not select color discrimination in her initial EEOC Charge and has not amended the charge or filed a new charge alleging color discrimination. Target argues that Hickman's omission of the color discrimination claim from her EEOC Charge means she failed to exhaust her administrative remedies with respect to that claim and it must be dismissed.

- 6 -

"A Title VII plaintiff may bring only those claims that were included in her EEOC charge, or that are 'like or reasonably related to the allegations of the charge and growing out of such allegations.'" *Geldon v. S. Milwaukee Sch. Dist.,* 414 F.3d 817, 819 (7th Cir. 2005) (quoting *McKenzie v. Ill. Dep't of Transp.,* 92 F.3d 473, 481 (7th Cir. 1996)). Under this rule, Hickman's failure to select color discrimination in her EEOC Charge does not immediately warrant dismissal of the claim. Instead, the Court must "examine the factual allegations in the body of the charge" and determine whether those allegations are reasonably related to the color discrimination charge. *Cheek v. W. & S. Life Ins. Co.,* 31 F.3d 497, 500 (7th Cir. 1994). "The standard is a liberal one, reading the allegations of the EEOC charge broadly to take into account the fact that EEOC charges are often filed pro se." *Nickerson v. US Airways, Inc.,* 2016 WL 3563807, at *2 (N.D. Ill. July 1, 2016).

A charge of Title VII color discrimination alleges that an employee experienced discrimination on the basis of their skin tone. *Williams v. Wendler,* 530 F.3d 584, 587 (7th Cir. 2008.) Color discrimination is distinct from race discrimination because it focuses on discrimination based on the lightness or darkness of a person's skin, not simply membership in a particularly racial group. *Id.* This can include, for example, treating light skinned

Black employees more favorably than dark skinned Black employees. *Id.* Courts in this district have concluded that "allegations of race discrimination do not automatically encompass color discrimination claims, meaning a color discrimination claim does not grow out of a race discrimination charge for exhaustion purposes." *Nickerson,* 2016 WL 3563807, at *4 (collecting cases).

In her EEOC Charge Hickman alleged that she was "discriminated against because of my race, Black." (EEOC Paperwork at 1.) In *Howell v. Rush Copley Medical Group NFP,* 2012 WL 832830, (N.D. Ill. Mar. 12, 2012) the court considered whether the plaintiff's EEOC charge was sufficiently related to a claim for color discrimination based on language identical to Hickman's EEOC Charge. Like Hickman, the *Howell* plaintiff's EEOC charge made no reference to her skin tone and simply stated that she had been "discriminated against because of my race, Black." *Id.* at *4. The *Howell* court concluded that without more this language was insufficient to find that a color discrimination charge was related. *Id.* The same result is compelled here. If Hickman intended "to equate race with color in her charge, her color claim is duplicative of her race claim." *Id.* If, however, Hickman "implicitly intended to raise a color discrimination in her EEOC charge . . . based on the particular facts of this case, an EEOC investigation into race discrimination would not implicate the same conduct or individuals as her color discrimination claim."

*Id.* For these reasons, the Court dismisses Hickman's color discrimination claim.

Hickman's color discrimination claim is dismissed with prejudice. According to the Seventh Circuit, "the proper remedy for a failure to exhaust administrative remedies is to dismiss the [claim] without prejudice, thereby leaving the plaintiff free to refile [her claim] when and if [she] exhausts all of [her] administrative remedies." *Greene v. Meese,* 875 F.2d 639, 643 (7th Cir. 1989). In this case, however, a dismissal without prejudice would only delay the inevitable. The EEOC requires complainants to file charges of discrimination within 300 days of the alleged discriminatory act. *Nagle v. Vill. of Calumet Park,* 554 F.3d 1106, 1121 n.4 (7th Cir. 2009). Hickman last worked for Target on January 29, 2020, placing any alleged discriminatory conduct well outside the EEOC's 300 day filing period.

The Court is also mindful that Hickman argues that "she increased her knowledge on colorism only after she signed the [EEOC] form." (Opp'n at 4, Dkt. No. 26.) The Court construes this as an argument that the discovery rule could apply, which "postpones the beginning of the limitations period to the date when the plaintiff discovers or should have discovered that [she] has been injured." *Smith v. Union Pac. R. Co.,* 474 F. App'x 478, 480 (7th Cir. 2012). But even if the discovery rule applied,

Hickman knew she suffered color discrimination no later than November 18, 2020, the date she filed her initial Complaint raising the color discrimination claim. This too is well beyond the EEOC's 300 day filing period. Consequently, even if Hickman files a fresh EEOC charge alleging color discrimination, once raised before the Court it would be subject to dismissal with prejudice on limitation grounds.

As a result, because Hickman is unquestionably beyond the limitations period for a color discrimination claim she is unable to cure her administrative deficiency. The color discrimination is therefore dismissed with prejudice.

### B. Retaliation Claim

Hickman also alleges that Target retaliated against her in violation of Title VII. To make out a *prima facie* Title VII retaliation claim, Hickman must plead that (1) she engaged in statutorily protected activity; (2) suffered an adverse action by her employer; and (3) there is a causal link between the protected activity and the adverse action. *O'Donnell v. Caine Weiner Co., LLC,* 935 F.3d 549, 553 (7th Cir. 2019). The Amended Complaint alleges that Target "retaliated against [Hickman] because [she] did something to assert rights protected by [Title VII]." Target argues that the Amended Complaint has failed to state a claim for

retaliation because it contains no allegations that Hickman engaged in a statutorily protected activity.

"An employee who opposes an unlawful employment practice engages in protected activity." *Isbell v. Baxter Healthcare, Corp.*, 273 F.Supp.3d 965, 979 (N.D. Ill. 2017). This opposition can include, but is not limited to, a formal complaint filed with the EEOC, as well as an internal complaint about the alleged discriminatory conduct using the employer's anti-harassment hotline. *King v. Ford Motor Co.*, 872 F.3d 833, 841 (7th Cir. 2017). Because Hickman's EEOC Charge was filed after she resigned from Target, this formal complaint cannot serve as a basis for a retaliation claim. *Tomanovich v. City of Indianapolis,* 457 F.3d 656, 664 (7th Cir. 2006) (concluding that conduct occurring prior to the filing of an EEOC charge cannot form the basis for a retaliation claim).

Looking to the Amended Complaint, including the Definite Statement, Hickman fails to allege any facts evidencing that she raised an internal complaint of discrimination or harassment. In her Opposition brief Hickman attempts to cure this deficiency by alleging that she reported various instances of harassment using Target's hotline system. (Opp'n at 4.) As a general rule, a plaintiff cannot amend their complaint in the briefing in opposition to a motion to dismiss. *Car Carriers, Inc. v. Ford Motor*

*Co.,* 745 F.2d 1101, 1107 (7th Cir. 1984). Even so, the Supreme Court has also explained that on a motion to dismiss the at-issue complaint must be "construed generously" and the Court may use the plaintiff's opposition "brief to clarify allegations in her complaint whose meaning is unclear." *Pegram v. Herdrich,* 530 U.S. 211, 230 n.10 (2000). At this stage, however, even accepting the allegation that Hickman reported harassment using the hotline system as a clarification, the Amended Complaint fails to state a claim for retaliation.

For an internal complaint to be considered a protected activity, "the complaint must indicate the discrimination occurred because of sex, race, national origin, or some other protected class." *Tomanovich,* 457 F.3d at 663. Even accepting Hickman's argument that she made reports to Target's hotline as a clarification, the allegations fail to provide details about the substance of the hotline complaint. Consequently, the Court cannot conclude that this was a protected activity. *Id.*

Because the Amended Complaint does not allege that Hickman engaged in a protected activity, Hickman cannot state a claim for retaliation. For this reason, the Title VII retaliation claim is dismissed without prejudice.

### C.   Second Amended Complaint

The Court dismisses Hickman's retaliation claim without prejudice. Hickman may file a Second Amended Complaint repleading the retaliation claim on or before January 10, 2022. Paragraph 13 of the *pro se* Complaint of Employment Discrimination calls for the plaintiff to set out all facts supporting their claims. When filing her Second Amended Complaint, Hickman should attach a supplement setting out the facts called for in Paragraph 13. The supplement must set forth every fact Hickman wants the Court to consider in support of both her race discrimination claim, as well as the replead retaliation claim. In addition, the supplement must include all facts regardless of whether these facts were included in prior filings before this Court. When formatting the supplement, each fact must be in an individually numbered paragraph (*e.g.*, 13.1, 13.2, 13.3, etc.). The Court will not consider any text in the supplement that is not part of a numbered paragraph.

Hickman's Second Amended Complaint must also documents she wishes the Court to consider in connection with her claims. This includes but is not limited to her EEOC Charge and the Right to Sue Letter, as well as any other supporting material referenced in the supplement discussed above. These documents should be given exhibit labels (*e.g.*, Exhibit A, Exhibit B, etc.). Where attached

documents are referenced in the supplement, Hickman should make every effort to reference the corresponding exhibit number.

## IV. CONCLUSION

For the reasons stated herein, Target's Partial Motion to Dismiss (Dkt. No. 20) is granted. Hickman's color discrimination claim is dismissed with prejudice. Hickman's Title VII claim is dismissed without prejudice. Hickman may file a Second Amended Complaint on or before January 10, 2022. Failure to file a Second Amended Complaint will convert the dismissal of the retaliation claim to one with prejudice.

**IT IS SO ORDERED.**


_____
Harry D. Leinenweber, Judge
United States District Court

Dated: 12/2/2021

- 14 -